UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES EUGENE LARIVE JR., | 5:21-CV-05053-RAL |
| Plaintiff, | |
| | OPINION AND ORDER DENYING § 2255 MOTION AND GRANTING MOTION TO DISMISS |
| vs. | |
| UNITED STATE OF AMERICA, | |
| Defendant. | |

Petitioner James Eugene Larive Jr. on August 30, 2021, filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Doc. 1. After this case was referred from the Honorable Jeffrey L. Viken to the undersigned judge on April 21, 2022, this Court screened the case and directed the United States to answer, but expressed skepticism that Larive had met his one-year statute of limitations period for filing a § 2255 motion under 28 U.S.C. § 2255(f) given that his conviction was in 2014 and his appeal to the United States Court of Appeals for the Eighth Circuit ended in July of 2015. Docs. 58, 64, 88, 89 in 13-CR-50100.

The United States filed on April 22, 2022, a motion to dismiss, memorandum in support thereof, and a response. Docs. 11, 12, 13. Larive has filed no response in opposition to the motion to dismiss during his 21-day period to do so. See D.S.D. CIV L.R. 7.1.B. Larvie's § 2255 motion must be denied as a successive petition, so the government's motion to dismiss is granted.

## I.      FACTS AND PROCEDURAL HISTORY

Larive was indicted on August 13, 2013, in this Court on one count of attempted commercial sex trafficking. Docs. 1, 2 in 13-CR-50100. The matter was tried to a jury from April 1 to April 4, 2014. Docs. 49, 55 in 13-CR-50100. The jury found Larive guilty on the sole count of attempted commercial sex trafficking. Docs. 58, 59 in 13-CR-50100. On July 22, 2014, the Honorable Jeffrey L. Viken sentenced Larive to 120 months of imprisonment and eight years of supervised release. Docs. 63, 64 in 13-CR-50100. Larive timely filed a notice of appeal on July 31, 2014. Doc. 69 in 13-CR-50100.

In his appeal, Larive argued that there was insufficient evidence to sustain his conviction because he abandoned the attempted commercial sex trafficking crime before taking a substantial step toward completion of the offense. United States v. Larive, 794 F.3d 1016, 1017 (8th Cir. 2015). The United States Court of Appeals for the Eighth Circuit found the evidence sufficient to support the jury verdict and affirmed Larive's conviction on July 28, 2015. Id. at 1017, 1020. The Eighth Circuit's mandate issued on August 19, 2015. Doc. 90 in 13-CR-50100.

Larive filed his first motion under 28 U.S.C. § 2255 on August 29, 2016. Doc. 1 in 16-CV-05078-JLV. The United States moved to dismiss the motion for failure to state a claim for relief. Doc. 9 in 16-CV-05078-JLV. The magistrate judge recommended granting the United States' motion. Doc. 13 at 21 in 16-CV-05078-JLV. The district court adopted the magistrate judge's recommendation over Larive's objections, granted the United States' motion, and dismissed Larive's § 2255 motion. Doc. 22 at 2–3 in 16-CV-05078-JLV. The judgment on the dismissal was entered on November 21, 2017. Doc. 23 in 16-CV-05078-JLV. On appeal, the Eighth Circuit denied Larive a certificate of appealability. Doc. 24 in 16-CV-05078-JLV.

Larive filed a second § 2255 motion on June 13, 2019. Doc. 1 in 19-CV-05043-JLV. In reviewing Larive's filing history, the magistrate judge noted that Larive had requested leave from the Eighth Circuit to file a second or successive habeas petition. Doc. 13 at 2 in 19-CV-05043-JLV. The Eighth Circuit had denied his request on February 28, 2019. Doc. 13 at 2 in 19-CV-05043-JLV. After that, the magistrate judge observed that Larive filed a "Motion for Second Look or New Trial" in the underlying criminal case on April 8, 2019. Doc. 13 at 2 in 19-CV-05043-JLV. The magistrate judge further noted that, after Larive had filed the second § 2255 motion, he filed another "Motion for New Trial" regarding the same underlying criminal conviction. Doc. 13 at 2 in 19-CV-05043-JLV. The magistrate judge concluded that Larive's various motions were actually successive § 2255 motions and recommended that the district court dismiss these motions because the Eighth Circuit had not certified them for the court's review. Doc. 13 at 9 in 19-CV-05043-JLV. The district court overruled Larive's objections to the magistrate judge's recommendation, adopted the recommendation in full, and denied Larive's motions with prejudice. Doc. 16 at 2–3 in 19-CV-05043-JLV. Larive again appealed to the Eighth Circuit and was again denied a certificate of appealability. Doc. 29 in 19-CV-05043-JLV.

Larive filed the current § 2255 motion on August 30, 2021, Doc. 1, and filed a supplement on January 3, 2022, Doc. 7. He first claims that his attorney and "everyone violate[d] his Speedy Trial Rights" and had no evidence against him. Doc. 1 at 5. Second, he contends that prosecutors violated due process by not using the grand jury to correct the indictment against him. Doc. 1 at 5. Finally, he argues it is unconstitutional to use a polygraph, he was not told to register under a particular statute in 2014, and he should not have been required to register because he was not convicted of a state crime and there is no federal registry. Doc. 1 at 6; Doc. 7 at 1–2.

## II.    DISCUSSION

### A.  Failure to Obtain Authorization under 28 U.S.C. § 2255(h)

A second or successive § 2255 motion may not be filed in a district court unless a panel of the appropriate court of appeals certifies the motion as containing:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(a)(3); Nichols v. Symmes, 553 F.3d 647, 650 (8th Cir. 2009) (describing the § 2255(h) authorization requirements as "stringent"); Hill v. Morrison, 349 F.3d 1089, 1090 (8th Cir. 2003) (describing a prisoner's efforts to obtain permission to file a successive § 2255 motion).

Larive's motion—which raises a speedy trial issue, a due process issue related to the indictment, and an alleged unconstitutional use of a polygraph and a state sex offender registry—fails to meet either of the authorization criteria of § 2255(h).  Under a heading labeled "Timeliness of Motion" in the present § 2255 motion, Larive wrote, "I'm asking for a second motion."  Doc. 1 at 4.  Larive does not address the § 2255(h) standards anywhere else in his motion or in his supplement. Docs. 1, 7.  Larive's allegations do not cite any purportedly newly discovered evidence, and there is no intervening case law from the Supreme Court of the United States that might fit the parameters of § 2255(h)(2).  Larive's petition therefore is a successive § 2255 motion filed with authorization.

Larive has provided no evidence or any showing that the Eighth Circuit has granted him permission to file a second or successive § 2255 motion.  Thus, this Court does not have jurisdiction to proceed on the motion.  See United States v. Lambros, 404 F.3d 1034, 1036 (8th

Cir. 2005) (concluding that if a Rule 60(b) motion is actually a successive habeas petition, a court should dismiss the motion for failure to obtain authorization from the court of appeals, or a court may transfer the motion to the court of appeals). Larive's motion must be dismissed for failure to seek authorization from the Eighth Circuit. See 28 U.S.C. § 2244(b)(3)(A).

### B. Procedural Default

Procedural default for a § 2255 motion occurs when a petitioner fails to raise issues that could have been raised on direct appeal and then seeks to present those issues for the first time in a § 2255 motion. See United States v. Frady, 456 U.S. 152, 167–68 (1982); Sun Bear v. United States, 644 F.3d 700, 708 (8th Cir. 2011); McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001). "Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995). For this reason, a claim that could have been but was not raised in a criminal defendant's direct appeal is procedurally defaulted unless the defendant can first demonstrate cause and actual prejudice or actual innocence. Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005). Under the "cause and actual prejudice standard . . ., to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. at 167–68. "In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction." McNeal, 249 F.3d at 749.

In his direct appeal, Larive did not raise the issues raised in the present § 2255 motion. Instead, he argued the evidence was insufficient to sustain his conviction because he had had not taken a substantial step towards completion for the attempted commercial sex trafficking crime

before abandoning it. <u>Larive</u>, 794 F.3d at 1017. Further, Larvie's current § 2255 claims— alleging violation of his speedy trial rights, the prosecution's failure to use the grand jury to "correct" the indictment against him, and the alleged unconstitutional use of a polygraph—do not meet the requisite showing of "cause and actual prejudice" or "actual innocence." Docs. 1, 7.

### III.    CONCLUSION AND ORDER

For the reasons explained above, it is

ORDERED that the § 2255 motion, Doc. 1, is denied. It is also

ORDERED that the government's motion to dismiss, Doc. 10, is granted.

DATED this 24th day of May, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE